UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CLINTON D. COX, :
:
      Petitioner :
: CIVIL NO. 1:CV-08-2268
    vs. :
: (Judge Caldwell)
RONNIE R. HOLT, :
:
      Respondent. :

*M E M O R A N D U M*

      Clinton Cox, an inmate at USP-Canaan, Waymart, Pennsylvania, has filed a pro se petition under 28 U.S.C. § 2241. The petition challenges three 2001 convictions he received in the United States District Court for the District of Connecticut under 18 U.S.C. § 924(c)(1)(A) for using and carrying a firearm in relation to a drug-trafficking crime. Cox presents one ground for relief, that his convictions are invalid because they are based on facts that do not constitute a crime in light of the Supreme Court's subsequent decision in *Watson v. United States*, 552 U.S. 74, 128 S.Ct. 579, 169 L.Ed.2d 472 (2007). *Watson* held that a person who receives a firearm in exchange for drugs has not used the firearm within the meaning of section 924(c)(1)(A). *Id.* at __, 128 S.Ct. at 581. As Petitioner represents what happened at

trial,[1] it appears that under *Watson* he did not violate section 924(c)(1)(A). As Petitioner recites it, his conduct on all three counts appears to have consisted of supplying an individual with money to purchase a gun for him, and then compensating the individual for that service with crack cocaine when the individual delivered the gun to Petitioner.[2]

Before *Watson* was decided, Petitioner already had a motion under 28 U.S.C. § 2255 entertained by the trial court. *See United States v. Cox*, No. 3:00-CR-69, 2006 WL 2053469 (D. Conn. July 20, 2006). After *Watson* was decided, Cox filed a motion in the trial court under the All Writs Act, 28 U.S.C. § 1651, or in the alternative under Fed. R. Civ. P. 60(b), presenting his *Watson* claim. The district court ruled that the All Writs Act could not be used to present what was really another 2255 motion. *United States v. Cox*, No. 3:00-CR-69, slip op. at 4 (D. Conn. Aug. 15, 2008).[3] The court also decided that Petitioner could not rely on

---

[1] Neither party has provided us with a transcript.

[2] Section 924(c)(1)(A) requires a sixty-month sentence for each violation, to be served consecutively to any other sentence, which meant that Petitioner received a total of 180 months for the three convictions. Petitioner was also convicted of conspiracy to distribute in excess of fifty grams of crack cocaine and three substantive counts of drug distribution for which he was sentenced to 360 months. Thus on all counts Petitioner was sentenced to a total of 540 months of imprisonment.

[3] The court construed the motion as Petitioner's third motion
(continued...)

Rule 60(b), but it did transfer the motion to the court of appeals for consideration as to whether a successive 2255 motion should be authorized. *Id.* at 8. The Second Circuit refused the authorization because Petitioner failed to satisfy section 2255's gatekeeping requirements for second or successive 2255 motions. *See* 28 U.S.C. § 2255(h). However, the denial was "WITHOUT PREJUDICE to filing a 28 U.S.C. § 2241 motion in the district court." (Doc. 1, attach. Order filed Nov. 25, 2008).

Respondent opposes the petition on two grounds. First, he argues we lack jurisdiction because section 2255 is not inadequate or ineffective to test the legality of Petitioner's confinement. *See* 28 U.S.C. § 2255(e). We disagree. Section 2255 is inadequate or ineffective when its gatekeeping requirements prevent a petitioner from presenting a claim that a change in the law after his 2255 motion was considered has made the conduct for which he was convicted no longer criminal. *In re Dorsainvil*, 119 F.3d 245, 251-52 (3d Cir. 1997). Petitioner presents such a claim here. Hence he may invoke section 2241. *Id.* at 252.

Second, Respondent argues Petitioner has no claim under *Watson* in any event. He argues *Watson* is distinguishable because

---

[3](...continued)
under section 2255 because he had previously filed a motion to alter or amend his 2255 motion, which the court considered to be his second 2255 motion. *Id.* at 2 and 6.

that case dealt with a defendant who had "merely received a firearm as payment for drugs in a discrete drug transaction" while Cox, on the other hand, "was the princip[al] of a large armed crack trafficking conspiracy" who "exchanged crack cocaine for a firearm in the furtherance of the conspiracy." (Doc. 14, warden's response at p. 13). We reject this argument as legally immaterial. As noted, Petitioner was convicted on three separate counts of using and carrying a firearm in relation to (not in furtherance of) a drug-trafficking crime.[4] The only issue is whether the facts proved at trial support his guilt on those counts.

It thus appears that we should consider the merits of the *Watson* claim. Before doing so, however, we will grant Respondent's request that the prosecutor, the United States Attorney for the District of Connecticut, be granted an opportunity to address the merits of the claim.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: August 20, 2009

---

[4] The government's use of the "in furtherance" language confuses the charge with a separate crime listed in section 924(c)(1)(A), possession of a firearm in furtherance of a drug-trafficking crime.

-4-

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CLINTON D. COX, :
:
    Petitioner :
: CIVIL NO. 1:CV-08-2268
    vs. :
: (Judge Caldwell)
RONNIE R. HOLT, :
:
    Respondent. :

*O R D E R*

AND NOW, this 20th day of August, 2009, it is ordered that:

    1. Respondent, through the United States Attorney for the District of Connecticut, shall have thirty days from the date of this order to file an opposition brief to Petitioner's section 2241 petition.

    2. Petitioner shall have ten days thereafter to file a reply brief.

                        /s/William W. Caldwell
                          William W. Caldwell
                          United States District Judge